UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY ALEXANDER LANE, JR,

Plaintiff,

v.

F. ALI, et al.,

Defendants.

No. 2: 18-cv-1564 KJM KJN P

FINDINGS AND RECOMMENDATIONS

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23.) For the reasons stated herein, the undersigned recommends that defendant's motion to dismiss be granted in part and denied in part.

For the reasons stated herein, the undersigned recommends dismissal of this action on grounds not raised by defendant.

Legal Standard for 12(b)(6) Motion

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff's Claims

This action proceeds on the amended complaint filed September 20, 2018, against defendant San Joaquin County Deputy Sheriff Johnson. (ECF No. 17.) Plaintiff alleges that on September 7, 2018, defendant Johnson made plaintiff transfer from the Honor Farm to

2

administrative segregation ("ad seg"). Defendant Johnson refused to let plaintiff take his property, including his legal property, with him to ad seg. Defendant Johnson kept plaintiff's property and told him that it would be delivered to ad seg. Plaintiff alleges that the property was never delivered to ad seg. Plaintiff alleges that defendant Johnson stole his property. Plaintiff alleges that he is now in prison due to the theft of his legal property, which included real and material evidence. Plaintiff apparently represented himself during these criminal proceedings.

Defendant's Motion to Dismiss

Defendant first moves to dismiss plaintiff's claims on the grounds that plaintiff has not stated a potentially cognizable due process claim based on the deprivation of his property.

To the extent plaintiff alleges that defendant Johnson stole plaintiff's personal property, the undersigned finds that plaintiff has not stated a potentially cognizable claim for relief. The United States Supreme Court has held that unauthorized and intentional deprivations of property do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 n. 13 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

California law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't. code §§ 810-95; Barnett v. Centoni, 31 F.3d 813, 916-17 (9th Cir. 1994).

In the instant case, plaintiff does not allege that the deprivation of his personal property was authorized. Accordingly, plaintiff's amended complaint fails to state a potentially cognizable claim for the alleged deprivation of his personal property. This claim should be dismissed.

The undersigned finds that plaintiff is not alleging that the deprivation of his legal property violated his due process rights. Instead, plaintiff is alleging that the deprivation of his legal property violated his right to self-representation. The Sixth and Fourteenth Amendments protect a criminal defendant's right to conduct his own defense. Faretta v. California, 422 U.S. 806, 834–36 (1975). The right to self-representation may be violated if an inmate is denied

3

access to law books, witnesses, and other tools necessary to prepare a defense. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989). Plaintiff has stated a potentially cognizable claim against defendant Johnson for violating his right to self-representation based on the alleged theft of his legal property.[1]

Finally, defendant argues that plaintiff's complaint should be dismissed because he failed to exhaust administrative remedies. Defendant argues that plaintiff does not allege compliance with the California regulations regarding administrative exhaustion.

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. Albino v. Baca, 747 F.3d. 1162, 1166 (9th Cir. 2014) (en banc). "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. Id.

In the amended complaint, plaintiff alleges that he exhausted administrative remedies. (ECF No. 17 at 2.) Because lack of exhaustion is not clear on the face of the amended complaint, the motion to dismiss for failure to exhaust administrative remedies should be denied.

In conclusion, the undersigned recommends that defendant's motion to dismiss plaintiff's due process claim based on the alleged deprivation of his personal property be granted. The undersigned recommends that defendant's motion to dismiss be denied in all other respects.

Heck v. Humphrey

Although not raised by defendant, the undersigned finds that this action should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). See 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee that may have been paid, the court shall dismiss the case at any time if the court determines that the action fails to state a claim upon which relief may be granted.)

---

[1] Defendant also argues that transcripts attached to the original complaint indicate that inmates stole plaintiff's legal property, rather than defendant Johnson. Assuming these transcripts could be incorporated by reference, see Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), reversed on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002), the undersigned finds that the testimony in these transcripts does not necessarily preclude plaintiff's claim that defendant Johnson was responsible for the loss of plaintiff's legal property.

4

In Heck v. Humphrey, the Supreme Court held that if a favorable judgment on a claim in a civil rights action would necessarily imply the invalidity of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. 512 U.S. at 486-87.

In the instant action, plaintiff alleges that he is now in prison due to the theft of his legal property by defendant Johnson. In other words, plaintiff alleges that his legal property contained exonerating evidence. It is clear from plaintiff's allegations that his underlying conviction has not been invalidated. A finding that plaintiff was convicted in violation of his right to self-representation based on the alleged theft of his legal property would necessarily imply the invalidity of his conviction. Accordingly, plaintiff's claim is subject to dismissal pursuant to Heck v. Humphrey. See, e.g., Pressley v. Pacheco, 2020 WL 107065, at *4 (S.D. Cal. Jan. 9, 2020) (dismissing claim alleging violation of Sixth Amendment right to self-representation with leave to amend only if plaintiff can allege that his conviction or sentence has been invalidated); Trudeau v. Warden, 2014 WL 5325339, at *3 (E.D. Cal. Oct. 17, 2014) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation in part because "once convicted, Plaintiff's claim is subject to dismissal pursuant to Heck."); Way v. 20 Unknown Emps., 2013 WL 752257, at *5 (E.D. Cal. Feb. 27, 2013) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation because he "cannot state a claim under section 1983 until his conviction or sentence has been invalidated."); Jenkins v. Bartley, 2008 WL 4058088, at *5 (E.D. Cal. Aug. 28, 2008) ("If this court were to find that plaintiff was prevented from asserting his Faretta right to self-representation or to challenge some phase of the prosecution through a pretrial habeas petition, that finding would necessarily imply the invalidity of the underlying conviction.").

Accordingly, plaintiff's claim alleging that defendant Johnson violated his right to self-representation should be dismissed on the grounds that it is barred by Heck v. Humphrey.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 23) be granted as to plaintiff's claim that defendant Johnson violated his right to due process when he allegedly stole plaintiff's

personal property; defendant's motion to dismiss be denied in all other respects;

2. Plaintiff's claim alleging violation of his right to self-representation be dismissed on the grounds that it is barred by Heck v. Humphrey;

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lane1564.mtd